JUSTICE LEAPHART
dissenting.
¶21 I dissent.
¶22 In In re Marriage of Strong, 2000 MT 178, ¶ 16, 300 Mont. 331, ¶ 16, 8 P.3d 763, ¶ 16, we held that federal law preempts the State from distributing V.A. benefits “as part of a marital estate.” The Court reasons that Strong “effectively overruled Stone” and goes on to rationalize that Tw]e made no distinction in Strong between the exercise of jurisdiction in cases involving maintenance and cases involving the division of the marital estate.” ¶¶ 16 and 17.
¶23 First of all, that Strong did not expressly overrule Stone suggests that the Court implicitly recognized that the maintenance issue in Stone was distinguishable from a division of the marital estate. Secondly, whether or not the Court in Strong drew a distinction between maintenance and division of the marital estate, the federal precedent as well as the Montana statutes do draw such a distinction.
¶24 The federal precedent, Mansell v. Mansell (1989), 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675, relied upon in Strong, preempts a state from distributing federal benefits “as marital property.” Mansell, 490 U.S. at 588-89. In Strong, as in Lutes, the issue is whether the court can distribute benefits as part of the marital estate. The answer is no, it cannot. In Stone, however, the Court did not purport to divide the benefits as part of the marital estate. Rather, the parties agreed that the husband would pay maintenance and that he would obligate himself to pay such maintenance from his benefits.
¶25 Stone is premised on the fact that maintenance is separate and distinct from the division of marital property-which is the subject of the Mansell preemption. This distinction is bourne out by the Montana statutes which provide that, in determining the amount of maintenance, the court must consider the financial resources of the party seeking maintenance, ‘including marital property apportioned to him ....’’Section 40-4-203(2)(a), MCA. In other words, the amount of maintenance is determined after the marital property has been divided. Since maintenance is separate and distinct from the distribution of the marital estate, it is not subject to the preemption.
¶26 Not only did Strong not overrule Stone, it in fact recognized the distinction between division of property and an award of maintenance *497 by holding that, although the court could not consider the V. A. benefits for purposes of dividing the marital estate, it could consider post-dissolution V.A. benefits in determining the amount of maintenance. Strong, ¶¶ 29-¶40. Stone is entirely consistent with Strong in that it recognizes that the parties can voluntarily contract to pay the maintenance with the very same benefits that the court itself can “consider.” Such an agreement as to maintenance does not mean that the V.A. benefits have been distributed “as part of the marital estate.” ¶27 In needlessly overruling Stone, the Court has obliterated the distinction between maintenance and division of the marital property. The Court reads more into the preemption doctrine than is necessary and does so at the expense of the constitutionally-protected right to contract.
CHIEF JUSTICE GRAY and JUSTICE MORRIS join in the dissent of JUSTICE LEAPHART.